■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME/AFL-CIO, ONEIDA COUNTY EDUCATIONAL LOCAL 869, Respondent, v JULIUS J. PERILLO, as Superintendent of the Rome City School District, et al., Respondents and Interpleader-Respondents. ROME TEACHERS' ASSOCIATION, INC., Interpleader-Appellant.—Judgment unanimously affirmed with costs. Memorandum: This appeal involves a dispute between the bargaining representatives of two separate bargaining units of employees of the Rome City School District over the allocation of Excellence in Teaching (EIT) funds apportioned to the District for the 1988-1989 school year. Petitioner Civil Service Employees Association (CSEA Local 1000), which represents teaching assistants, contends that it is entitled to a percentage of the total EIT funds apportioned to the District based upon the number of eligible teaching assistants it represents. The Rome Teachers' Association (RTA),

which represents teachers and school nurses, contends that CSEA Local 1000 is entitled only to a pro rata share of the *difference* between the 1987-1988 EIT apportionment and the 1988-1989 apportionment.

In 1986, the District and the RTA entered into a four-year agreement providing for the distribution of the District's entire apportionment of EIT funds to eligible members of the RTA pursuant to Education Law § 3602 (27) (a) and the 1986 version of the pertinent regulation of the Commissioner of Education (8 NYCRR 175.35). The regulation's definition of "eligible teacher" was revised in 1988 to include licensed teaching assistants and to eliminate bargaining unit membership as the sole criterion for distribution of EIT funds *(see,* 8 NYCRR 175.35 [e] [1] [i]; *see also, Schneider v Sobol,* 76 NY2d 309). Under the revised regulation, each bargaining unit representing eligible teachers would receive an allocation of the District's apportionment of EIT funds on a per capita basis for distribution to eligible members of the unit *(see,* 8 NYCRR 175.35 [e] [2]). The revised regulation further provides: "Additional apportionments for the 1988-89 school year and thereafter shall be allocated in accordance with paragraph (2) of this subdivision. However, nothing contained in this subdivision shall be construed as requiring the renegotiation of collectively negotiated agreements for the distribution of the excellence in teaching apportionment that were entered into prior to March 14, 1988" (8 NYCRR 175.35 [e] [7]). Supreme Court properly rejected RTA's contention that the term "[a]dditional apportionments" refers to the difference between the 1987-1988 and 1988-1989 school year apportionments. The 1988 revision of the regulation sought to remedy the fact that certain teachers and other personnel were not eligible to receive EIT funds solely because they were not part of the bargaining unit which included full-time teachers *(see, Schneider v Ambach,* 135 AD2d 284, 288-289). Because more than one bargaining unit could be involved in the distribution of EIT funds, the revision authorized Districts to negotiate with such other bargaining units regarding prospective apportionments, but also provided that existing agreements need not be renegotiated. The 1988 revision redefined the eligibility of school employees entitled to EIT funds, but contains no language limiting their entitlement to only that portion of whatever increased apportionment the District might receive in the future. Under RTA's interpretation of the regulation, if the District's apportionment of EIT funds for 1988-1989 or any succeeding year were equal to, or less than, the previous year,

teaching assistants and other education professionals included in the revised definition of "eligible teacher" would receive no EIT funds for that year. Moreover, even if there were an increase in the apportionment, if the new eligibles were entitled only to a share of the amount of the increase, there would be continued discrimination between those teachers eligible before 1988 and those eligible thereafter. As previously stated, the purpose of the revision was to eliminate the discrimination, not to perpetuate it. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Interpleader.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.